UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAINT NAIL BAR FRANCHISE
COMPANY, LLC, a Florida limited
liability company,

      Plaintiff,

v.                                            Case No. 8:25-cv-2113-TPB-NHA

OBIENTERPRISE, LLC, a Texas
limited liability company,
KENNY ERIC EDDLEMAN, an
individual, and ANDREA M.
EDDLEMAN, an individual,

      Defendants.
_____/

**ORDER DENYING IN PART AND DEFERRING IN PART
"PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION AND MEMORANDUM OF
LAW IN SUPPORT THEREOF"**

This matter is before the Court on "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support Thereof," filed on August 7, 2025. (Doc. 2). After reviewing the motion, court file, and the record, the Court finds as follows:

According to the allegations of the Verified Complaint (Doc. 1), Plaintiff Paint Nail Bar Francise Company, LLC is franchisor of a nail salon business, the "Paint Nail Bar." In November 2021, Plaintiff entered into a franchise agreement with the individual Defendants pursuant to which they operated a Paint Nail Bar in Houston, Texas. These Defendants formed Defendant ObiEnterprise, LLC to operate the business but never formally assigned the franchise agreement to

ObiEnterprise. The franchise agreement, among other things, prohibits franchisees from operating a competing business both during the term of the agreement and for two years after termination.

The Paint Nail Bar salon began operation in June 2023. At some time before July 30, 2025, Defendants began operating a competing nail salon called "The Polish Bar," essentially identical to the Paint Nail Bar except for the name. Defendants used the same system, staff, appearance, and business methods as before and advertise to the public: "New name, same amazing team you know and love!" Upon confirming Defendants' conduct, Plaintiff, through counsel, sent Defendants a notice terminating the franchise agreement. Plaintiff then sued Defendants, asserting counts for breach of contract and misappropriation of trade secrets. (Doc. 1). Plaintiff also filed the instant motion seeking a temporary restraining order and preliminary injunction to prevent Defendants from operating the competing nail salon. (Doc. 2).

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical. *See Martinez*

*Serna v. Bailey Farms South, LLC*, No. 2:21-cv-237-SPC-MRM, 2021 WL 1060176, at *1-2 (M.D. Fla. Mar. 19, 2021).

Plaintiff has failed to plead or demonstrate that notice and a hearing on the motion are impossible or impractical. Although Plaintiff asserts generally that it is suffering irreparable harm, it provides no explanation or supporting evidence to show why formal notice should not be required here and an opportunity to be heard given to Defendants. Absent a showing of true emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.

Because Plaintiff has failed to meet the high burden for the issuance of a temporary restraining order, "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support Thereof" (Doc. 2) must be denied. Although Plaintiff is not entitled to a temporary restraining order without notice, the Court will consider the motion for preliminary injunction after Defendants have been served with a complaint and the motion and given an opportunity to respond.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Memorandum of Law in Support Thereof" (Doc. 2) is hereby **DENIED** to the extent that Plaintiff seeks a temporary restraining order.

(2) Plaintiff is directed to immediately serve on Defendants a copy of the summons, the complaint, "Plaintiff's Motion for Temporary Restraining

Order and Preliminary Injunction and Memorandum of Law in Support Thereof," a copy of any affidavit and other paper submitted in support of the motion, and a copy of this Order. *See* Local Rules 6.01; 6.02.

(3)  Plaintiff is directed to file proof of service promptly after service is effected.

(4)  Defendants are directed to file their response to Plaintiff's motion within 7 days after service on them of the complaint, motion, and other papers.

(5)  Following service and an opportunity to respond, the Court will expeditiously set a hearing to address the request for preliminary injunction, if warranted.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of August, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE